UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ANTHONY VILLA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>C&W FACILITY SERVICES, INC.; CUSHMAN & WAKEFIELD U.S., INC.; CUSHMAN & WAKEFIELD OF CALIFORNIA, INC.; CUSHMAN & WAKEFIELD WESTERN, INC., and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 25-cv-10646-NW<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: ECF No. 16 |

On October 31, 2025, Plaintiff Anthony Villa ("Villa" or "Plaintiff") filed a putative class action complaint in San Benito County Superior Court against Defendants C&W Facility Services, Inc., Cushman & Wakefield U.S., Inc., Cushman & Wakefield of California, Inc., and Cushman & Wakefield Western, Inc., as well as 100 Doe Defendants (collectively, "C&W" or "Defendants"). Defendants removed the case to this District on December 12, 2025. Notice of Removal, ECF No. 1.

Before the Court is Plaintiff's motion to remand the action to state court. Mot. to Remand, ECF No. 16. Defendants opposed, and Plaintiff filed a reply. Opp'n, ECF No. 20; Reply, ECF No. 21. Having considered the parties' briefs and the relevant legal authority, the Court concluded that oral argument was not required, *see* N.D. Cal. Civ. L.R. 7-1(b) and vacated the hearing. ECF No. 26. The Court DENIES Plaintiff's motion to remand.

United States District Court
Northern District of California

United States District Court
Northern District of California

## I.    BACKGROUND

Villa has been employed by C&W, a commercial real estate firm, since June 16, 2025. Compl. ¶ 4, ECF No. 1-1. On October 31, 2025, Villa filed this wage and hour class action on behalf of a putative class of "current, former, and/or future employees of Defendants as direct employees as well as temporary employees employed through temp agencies who work as hourly non-exempt employees." *Id.* ¶ 3. Villa filed his complaint in San Benito County Superior Court. *See* Compl. ¶ 2; ECF No. 1 at 1.

The complaint asserts six causes of action: (1) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, 1197.1; (2) failure to pay overtime wages in violation of Labor Code §§ 510, 1198; (3) failure to provide meal periods and pay meal period premiums in violation of Labor Code §§ 226.7, 512(a); (4) failure to provide rest periods and pay rest period premiums in violation of Labor Code §§ 226.7, 512(a); (5) failure to reimburse required business expenses in violation of Labor Code § 2802; and (6) violation of California Business & Professions Code §§ 17200, *et seq*. *See generally* Compl.

The complaint was served on Defendants on November 17, 2025. ECF No. 1 at 1. On December 12, 2025, Defendant removed the case to federal court pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(b), and 1446, asserting that there are more than 100 proposed class members, the minimum diversity exists, and the amount in controversy is more than $5,000,000. *Id.* at 1. Plaintiff now moves to remand this case to state court for lack of subject matter jurisdiction under CAFA. ECF No. 16.

## II.    LEGAL STANDARD

A defendant may remove a case from state court to federal court only if the federal court would have originally had subject matter jurisdiction. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant."). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

2

CAFA gives federal courts jurisdiction over class actions where (1) there are at least 100 class members, (2) at least one plaintiff is diverse in citizenship from any defendant, and (3) the amount in controversy exceeds $5,000,000.  28 U.S.C. § 1332(d)(2), (d)(5)(B); *see Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015).  The removing party bears the burden of establishing that CAFA's jurisdictional requirements have been met.  *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683–685 (9th Cir. 2006); *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021–22 (9th Cir. 2007).

The removing party must file a notice of removal that contains a short and plain statement of the grounds for removal, 28 U.S.C. § 1446(a), including a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *De Vega v. Baxter Healthcare Corp.*, 507 F. Supp. 3d 1214, 1216 (N.D. Cal. 2019) (quoting *Ibarra*, 775 F.3d at 1197).  In determining the amount in controversy, courts first look to the allegations in the complaint.  *Ibarra*, 775 F.3d at 1197.  If the complaint does not state the amount in controversy, the defendant's notice of removal may do so.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).  If the amount in controversy alleged by the defendant is contested by the plaintiff or questioned by the court, the defendant must show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold.  *Id.* at 82, 88.  "The parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary judgment-type evidence relevant to the amount in controversy at the time of removal.'"  *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)).  Defendants are allowed to make reasonable assumptions when calculating the amount in controversy.  *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022).  But "[m]ere speculation and conjecture" are insufficient to establish removal jurisdiction.  *Ibarra*, 775 F.3d at 1197; *see also id.* at 1199 ("[A]ssumptions cannot be pulled from thin air but need some reasonable ground underlying them."); *Salazar v. Johnson & Johnson Consumer Inc.*, No. 2:18-CV-05884-SJO-E, 2018 WL 4560683, at *3 (C.D. Cal. Sept. 19, 2018) ("Courts have routinely remanded cases where amount in controversy calculations rely on speculative assumptions unsupported by evidence."); *Contreras v. J.R. Simplot Co.*, No. 2:17–CV–00585–KJM–EFB, 2017

United States District Court
Northern District of California

WL 4457228, at *2 (E.D. Cal. Oct. 6, 2017) ("When the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable, and not constitute mere speculation and conjecture."). Assumptions can, however, "be 'founded on the allegations of the complaint' and do not necessarily need to be supported by evidence." *Perez v. Rose Hills Co.*, 131 F.4th 804, 808 (9th Cir. 2025) (citation omitted).

## III.    DISCUSSION

### A.    Threshold CAFA Requirements

To determine if removal was proper, the Court begins by assessing whether this case meets each of CAFA's three threshold requirements. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

Here, there is no dispute that the first two requirements (minimum of 100 class members, and at least one plaintiff diverse in citizenship from any defendant) are satisfied. C&W contends that "the alleged class is comprised of more than 5,000 proposed class members in aggregate during the alleged class period of October 31, 2021, to the present." Notice of Removal, ECF No. 1 at 4. While Villa disagrees with C&W's estimate of 5,000 proposed class members, Villa does not dispute that the class size exceeds 100 class members. *See* Mot. at 10. Further, there is diversity of citizenship because Villa is domiciled in California, and C&W Facility Services is "a corporation organized under the laws of the state of Massachusetts, with its principal place of business outside of the state of California." Notice of Removal, ECF No. 1 at 3.

The issue is the amount in controversy. Plaintiff argues it does not exceed $5,000,000 as required under CAFA. Defendants counter that the amount in controversy on Plaintiff's first two claims alone exceed $5,000,000. Because Plaintiff's complaint does not state an amount in controversy, the Court considers Defendants' notice of removal. *See Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."). Defendants must show by a preponderance of the evidence that the amount in controversy is met. *Id*. at 88.

"The amount in controversy is simply an estimate of the total amount in dispute." *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In that sense, the amount in

United States District Court
Northern District of California

4

controversy reflects the maximum recovery the plaintiff could reasonably recover." *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 927 (9th Cir. 2019). Here, Defendants allege in their notice of removal that the amount in controversy "is at least $9,100,000 considering Plaintiff's meal period and overtime claims alone as well as attorney's fees." ECF No. 1.

For alleged meal period violations, Defendants reach a $4,160,000 valuation by assuming a single meal period violation per two-week period for each proposed class member. ECF No. 1 at 7. Defendants then multiply the number of two-week periods worked by the proposed class members (160,000 two-week periods worked by proposed class members over class period) by the average rate of pay ($26.00).[1] *Id*. Defendants assert their calculations are "far below what courts commonly accept as reasonable," as courts have found that defendants could reasonably assert 50% violation rates in connection with their notice of removal under CAFA. ECF No. 1 at 8; *Elizarraz v. United Rentals, Inc*., 2019 WL 1553664, at *3 (C.D. Cal. Apr. 9, 2019) ("it is entirely reasonable for Defendant to allege a 50% violation rate for missed meal period and a 25% violation rate for missed rest periods . . . and in any case numerous courts have found a 100% violation rate appropriate"). Defendants' conservative calculation using the minimum violation rate of one meal period violation per two-week period "does not include Plaintiff's additional claims that premiums have not been paid at the correct regular rate of pay." ECF No. 1 at 7. Still, Defendants' calculation yields $4,160,000 in controversy on the meal period claim alone.

Next, Defendants value Plaintiff's claim for overtime wages at $3,120,000. *Id*. at 8. Plaintiff alleges that "Defendants failed to pay Plaintiff and similarly situated employees *all wages* at the applicable minimum wage *for all hours worked*" by, among other things, "[r]equiring Plaintiff and similarly situated employees to travel from their workstation to a designated area during their off-the-clock meal breaks." Compl. ¶ 23 (emphasis added). This, Defendants say, suggests Plaintiff and the proposed class members are "owed overtime for every shift they worked because they were required to work during every meal period and/or incurred compensable travel time during every meal period." ECF No. 1 at 8. Therefore, to calculate Plaintiff's alleged unpaid

---

[1] **$4,160,000 = 1 premium** (1 meal period violation) **x 160,000** (number of two-week periods worked by proposed class members) **x $26.00** (average rate of pay)

overtime claim, Defendants multiply 160,000 two-week periods worked by the proposed class members by 0.5 hours of overtime per two-week period at $39.00 (the overtime rate for the $26.00 average rate of pay).[2]  Defendants assert their 0.5 hours value is reasonable considering courts have found that similar allegations support a claim of 1-2 hours of unpaid overtime per one-week period.  *See Hender v. American Directions Workforce LLC*, 2020 WL 5959909, at *7 (E.D. Cal. Oct. 8, 2020) (accepting the defendants' calculations based on violation rates of between 20 and 40 percent, or one to two hours of overtime a week).  The Court agrees.

Relying on Defendants' calculations, the amount in controversy on Plaintiff's meal period claim and overtime wages claim adds up to $7,280,000, which is well over the $5,000,000 threshold under CAFA.  The Court notes that even if Defendants overestimated Plaintiff's overtime claim by 50%, it would still be more than sufficient in combination with the meal period claim to exceed the $5,000,000 minimum.  This sum does not include amount in controversy on Plaintiff's four other claims nor attorney's fees.  Therefore, the Court finds that Defendants have shown by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.

### B.    Whether Procedural Defects or Exceptions Preclude CAFA Jurisdiction

Having found that Defendants have met the three threshold requirements for removal jurisdiction, the Court turns to Plaintiff's remaining arguments that (1) Defendants' removal was procedurally defective, and (2) that CAFA's "local" and "home-state" controversy exceptions apply.

### 1.    Whether Defendants' Removal was Procedurally Defective

Plaintiff argues the action must be remanded pursuant to 28 U.S.C. § 1447(c) because Defendants' removal was procedurally defective under § 1446(d).

After filing a notice of removal in federal court, § 1446(d) requires that defendants "promptly" give written notice of the removal to all adverse parties and file a copy of the notice with the clerk in the state court from which the action was removed.  28 U.S.C. § 1446(d).  The

---

[2] **$3,120,000 = 0.5** (hours of overtime per two-week period) **x $160,000** (number of two-week periods worked by proposed class members) **x $39.00** (the overtime rate for the $26.00 average rate of pay)

statute does not define "promptly," and there is "no clear rule about just how prompt a removing defendant must be." *Ligutom v. SunTrust Mortgage*, No. C10-05431, 2011 WL 445655, at *2 (N.D. Cal. Feb. 4, 2011). However, "promptly" does not mean simultaneously, and short delays typically do not warrant remand. *Shanks v. Northern California Cement Masons Joint Apprenticeship Training Committee*, C-93-0609-MHP, 1993 WL 150273, at *3 (N.D. Cal. Apr. 29, 1993); *Ligutom*, 2011 WL 445655, at *2.

Here, Defendants filed their notice of removal in this Court on December 12, 2025. ECF No. 1. Defendants state Plaintiff was served with removal papers by mail the same day the notice of removal was filed. ECF No. 20 at 11. Plaintiff alleges that their counsel's office has yet to receive any such notice of removal via mail. ECF No. 16 at 8. What matters, however, is that neither party disputes that Plaintiff received actual notice 10 days later on December 22, 2025, when Defendants filed the notice of removal with the state court and Plaintiff's counsel was served with the notice. ECF Nos. 16, 20. Plaintiff argues that the 10-day delay fails to satisfy § 1446(d)'s "timing rule" under which "the defendant must promptly give notice to adverse parties and file such a notice with the state court" after filing a notice of removal in federal court. *Blumberger v. Tilley*, 115 F.4th 1113, 1114 (9th Cir. 2024); 28 U.S.C. § 1446(d).

A delay of 10 days in filing the notice of removal with the state court does not warrant remand. *See Ligutom*, 2011 WL 445655, at *2. Courts in this District and in others have held that delays of over a month were timely for purposes of § 1446(d). *See Id.* (holding that defendant's roughly one month delay in filing the notice of removal with the Superior Court did not warrant remand of the case); *see also Calderon v. Pathmark Stores, Inc.*, 101 F. Supp. 2d 246, 247-48 (S.D.N.Y. 2000) (finding that a 36-day delay was relatively short and harmless). Another court in this District held that while an "8-day delay in notifying the parties and the state court may have caused some inconvenience, the Court cannot find that this constitutes a procedural defect warranting remand." *Rubin v. Air China Limited*, No. 10-CV-05110-LHK, 2011 WL 1002099, at *4 (N.D. Cal. Mar. 21, 2011). Similarly, here, despite Plaintiff's protest that the notice to adverse parties was not filed or served on Plaintiff's counsel until 10 days later during a holiday week, the Court does not find that this constitutes a procedural defect warranting remand.

The Court finds that Defendants' filing of the notice of removal in San Benito County Superior Court 10 days after they filed the notice of removal in federal court was not procedurally defective under § 1446(d).

### 2. Whether CAFA's "Local" and "Home State" Controversy Exceptions Apply

Finally, Plaintiff asserts this Court must decline jurisdiction under CAFA because of the "local controversy" exception and the "home state controversy" exception. As the party seeking remand, Plaintiff "bears the burden of proving that a CAFA exception applies." *Navarro v. Ski Data, Inc.*, 2:20-CV-07370-SVW-SK, 2021 WL 1312579, at *2 (C.D. Cal. Apr. 7, 2021) (citing *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007)).

### a. Local Controversy Exception

"The local controversy exception to CAFA jurisdiction is a narrow exception," but "if the exception applies, the district court must remand the case to state court." *Allen v. Boeing Co.*, 821 F.3d 1111, 1116 (9th Cir. 2016).

The local controversy exception applies to a class action in which: (1) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the state in which the action was originally filed; (2) at least one defendant is a defendant from whom significant relief is sought by members of the plaintiff class, whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class, and who is a citizen of the state in which the action was originally filed; and (3) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the state in which the action was originally filed. 28 U.S.C. § 1332(d)(4)(A). The "local controversy" exception also requires that "during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons." *Id*.

Here, Defendants do not contest that the first three requirements of the local controversy exception are satisfied. Defendants challenge only the fourth prong of the exception—that no similar class action has been filed against any of the defendants in the preceding three years. *See*

ECF No. 20 at 13.  Specifically, Defendants point to *Anthony Ports v. Cushman & Wakefield U.S., Inc. et al.*, Case No. 3:23-cv-02218-RFL, (hereinafter "*Ports*"), which was removed to the Northern District of California from San Francisco Superior Court and later consolidated with *Conriquez v. Cushman & Wakefield U.S., Inc. et al.*, Case No. 3:22-cv-02734-RFL, (hereinafter "*Conriquez*") in the Northern District of California.  *Id.*

The *Ports* action was filed in state court on March 30, 2023, and was removed to federal court on May 5, 2023.  In his putative class action complaint, Plaintiff Ports alleged: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods; (4) failure to provide rest breaks; (5) failure to provide accurate itemized wage statements; (6) failure to indemnify necessary business expenses; and (7) violation of Business and Professions Code section 17200 et. seq.  *Ports*, ECF No. 1.  On August 27, 2024, the *Ports* action was consolidated with *Conriquez*, which was initiated in state court on December 29, 2021, and removed to federal court on May 6, 2022.

Although *Ports* was later consolidated with *Conriquez*, "for the purpose of determining CAFA's effective date, an action is commenced under California law when the original complaint in the action is filed."  *McAtee v. Capital One, F.S.B.*, 479 F.3d 1143, 1146 (9th Cir. 2007).  *See also Bridewell-Sledge v. Blue Cross of California*, 798 F.3d 923, 925 (9th Cir. 2015) ("the relevant date under the fourth prong [of the local controversy exception test] is the date when the actions were originally filed, and not some later date, such as the date when the two actions were consolidated").

For the *Ports* action to defeat the local controversy exception, as Defendants allege it does, it must satisfy three requirements: (1) it was filed during the three-year period preceding the filing of this class action; (2) it asserts the same or similar factual allegations; and (3) those allegations are asserted against any of the same defendants.

This action was filed in San Benito County Superior Court on October 31, 2025, meaning the preceding three-year period during which time no similar class action may have been filed began on October 31, 2022.  The *Ports* action was originally filed on March 30, 2023, well within that three-year period.  Further, Ports's allegations were almost identical to the allegations in this

United States District Court
Northern District of California

case. Ports had one additional claim for failure to provide accurate itemized wage statements; otherwise, the other six causes of action were the same. Finally, Ports sued Cushman & Wakefield U.S., Inc. and Cushman & Wakefield of California, Inc., both of which are Defendants in this action. Therefore, Plaintiff has failed to establish the requirements set out in § 1332(d)(4)(A)(ii) to demonstrate that the local controversy exception applies.

### b.    Home State Controversy Exception

"The home state exception accords two bases for remand: one mandatory and the other within the district court's discretion." *Adams v. West Marine Products, Inc.*, 958 F.3d 1216, 1220 (9th Cir. 2020). Here, Plaintiff raises only the mandatory home state exception.

The mandatory home-state controversy exception applies to a class action in which "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B). Plaintiff asserts, and Defendants do not dispute, that at least two-thirds of the putative class members are citizens of California. The only question, therefore, is whether the primary defendants are also citizens of California.

Plaintiff has sued C&W Facility Services, Inc., Cushman & Wakefield U.S., Inc., Cushman & Wakefield of California, Inc., and Cushman & Wakefield Western, Inc., as well as 100 Doe Defendants. Plaintiff asserts the primary defendants in this case are Cushman & Wakefield of California, Inc., ("C&W CA") and Cushman & Wakefield Western, Inc., ("C&W Western"). ECF No. 16. Although Defendants do not contest that C&W CA and C&W Western are California citizens, Defendants disagree that those entities are the primary defendants in this matter. ECF No. 20. Because C&W CA and C&W Western are the only California-based Defendants in this case, the question before the Court is whether C&W CA and C&W Western are primary defendants.

To determine whether a defendant is a "primary defendant" for purposes of CAFA's home state exception, courts "first assume that all defendants will be found liable." *Singh v. American Honda Finance Corporation*, 925 F.3d 1053, 1068 (9th Cir. 2019). District courts then consider "whether the defendant is sued directly or alleged to be directly responsible for the harm to the

proposed class or classes, as opposed to being vicariously or secondarily liable." *Id*. Courts also consider "the defendant's potential exposure to the class relative to the exposure of other defendants." *Id*.

Here, C&W CA and C&W Western are sued directly and "are alleged to have been joint employers and active participants in the challenged policies." ECF No. 21. Defendants argue the potential exposure of C&W CA and C&W Western is extremely low relative to that of other Defendants. Plaintiff contends that because the putative class members are individuals who were employed by Defendants in California, it is logical to conclude that C&W CA and C&W Western "are both primary defendants." ECF No. 16 at 18. But as Defendants point out, "[t]here is no logical or legal connection between the citizenship of [a] corporation and its employees." ECF No. 20 at 15. Indeed, of the more than 5,000 putative class members, 17 were employed by C&W of CA and 16 were employed by C&W Western, representing just 0.66% of the putative class combined. ECF No. 20 at 14; *see also* Declaration of Timothy Hoppa, ECF No. 20-2 at 1:15-20. Moreover, Defendants say, C&W CA and C&W Western are "tiny brokerages who primarily employ licensed real estate professionals and a truly miniscule number of non-exempt office staff." ECF No. 20.

Given that C&W CA and C&W Western together employed less than one percent of the putative class, the Court concludes that C&W CA and C&W Western are not primary defendants for purposes of the mandatory home state controversy exception. Accordingly, the Court finds the mandatory home state controversy exception does not apply.

/ / /

/ / /

/ / /

**IV.    CONCLUSION**

Because Defendants have shown by a preponderance of the evidence that there are at least 100 putative class members and the amount in controversy exceeds $5,000,000, and because Plaintiff has not established an applicable CAFA exception, the Court finds that it has jurisdiction under CAFA to hear this dispute.  Accordingly, the Court DENIES Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: April 8, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

12